**Ronald ANDERSON, Petitioner,**

v.

**Captain R. C. CROOM, Respondent.**

**Civ. A. No. 2277.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 4, 1970.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge, sitting by designation.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis.*

On December 7, 1959 petitioner was convicted on six counts of breaking and entering and received concurrent sentences of 3 to 5 years. He was subsequently granted a new trial and was again found guilty in the Superior Court of New Hanover County and sentenced to concurrent terms of 5 to 7 years. On September 6, 1968 the Superior Court of New Hanover County on motion of the petitioner set aside the new sentences of 5 to 7 years and reimposed the 3 to 5 years concurrent sentences.

The petition filed in this court alleges that the petitioner was denied equal protection of the law at the new trial and that he was placed twice in jeopardy for the same offense when his sentence on retrial was increased to 5 to 7 years.

The first allegation that petitioner was denied equal protection of the law at the new trial is insufficient to be considered by this court. It amounts to a conclusion of law and does not allege any specific facts which would substantiate the allegation and entitle the petitioner to relief.

Petitioner's prayer for relief on the second allegation has already been granted by the Superior Court of New Hanover County in its September 6, 1968 order. The order of that court fully complied with the rule of law announced in Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967). The point is therefore moot.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion to the petitioner and to the respondent.